UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

JOHN SALCEDO, individually,
And on behalf of others similarly situated,

    Plaintiff,

v.

ALEX HANNA, an individual, and
THE LAW OFFICES OF ALEX HANNA, P.A.,
a Florida Professional Association,

    Defendants.
_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

# COMPLAINT

1. This is an action for damages under 47 U.S.C. § 227 et seq., the Telephone Consumer Protection Act ("TCPA"). In order to drum up business, ALEX HANNA and THE LAW OFFICES OF ALEX HANNA, P.A, ("Defendants") proceeded to send unsolicited telemarketing text messages to all of their former clients, using automatic telephone dialing equipment within the meaning of the TCPA.

## JURISDICTION AND VENUE

2. This Court has federal question subject matter jurisdiction over the claims in this case under 28 U.S.C § 1331 because this action arises out of a violation of federal law, the Telephone Consumer Protection Act, 47 U.S.C § 227 et seq. *See Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 565 U.S., 181 L. Ed. 2d 881 (2012).

3. Venue is appropriate in this district pursuant to 18 U.S.C § 1391(b), because a substantial amount of the Defendants' acts or omissions giving rise to the claims asserted herein occurred in this District.

## PARTIES

4. Plaintiff, JOHN SALCEDO ("Plaintiff") is a natural person who, at all times relevant herein, was a resident of Broward County, Florida.

5. Defendant, ALEX A. HANNA ("Hanna"), is a natural person who, upon information and belief, resides in Miami-Dade County, Florida.

6. Defendant, THE LAW OFFICES OF ALEX HANNA, P.A. is a Florida professional association whose principal office is located at 8700 W. Flagler St, Suite 380, Miami, FL 33174 and whose registered agent for service of process in the State of Florida is Alex Hanna, 8700 W. Flagler St, Suite 380, Miami, FL 33174.

7. At certain times herein, Defendants ALEX HANNA and THE LAW OFFICES OF ALEX HANNA, P.A. are collectively referred to as "Defendants".

## TEXT MESSAGE SOLICITATIONS

8. It is well understood that "the right to be let alone" is one of the most valued rights in a civilized society. *See Olmstead v. United States*, 277 U.S. 438 (1928) Plaintiff, for his class action complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

9. In recent years, sellers of goods and services who often have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

10. One of the newest types of bulk marketing is to advertise through Short Message Services. Short Message Service or SMS, is synonymous with text message, Text, TXT, etc. An SMS (text message) is a short message, usually limited to around 120 characters. A "short code"

is sent to consumers along with the actual text message and conclusively reveals the originator of the SMS message.

11. Short codes are special cellular telephone exchanges, typically only five or six digit extensions, which can be used to address SMS messages to mobile phones. Short codes are generally easier to remember and are utilized by consumers to subscribe to such services such as television program voting or more benevolent uses, such as making charitable donations.

12. Mass text messaging sent from short codes can only be achieved via an automatic telephone dialing system. *See generally, Legg v. Voice Media Group, Inc.*, No. 13-62044-CIV-COHN/SELTZER (S.D. Fla. Jan. 3, 2014).

13. Text messages are "calls" within the context of the TCPA. *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946 (9th Cir. 2009).

14. Unlike more conventional advertisements, SMS calls, and particularly wireless or mobile spam, can actually cost their recipients money, because cell phone users must frequently pay their respective wireless service providers either for each text message call they receive or incur a usage allocation\ deduction to their text plan, regardless of whether or not the message is authorized.

15. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulates implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *See Rules and Regulations Implementing*

*the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003). ("2003 TCPA Order").

16. In the *1995 TCPA Order on Recon*, the Commission stated that "[a]lthough the term 'express permission or invitation' is not defined in statutory language or history, there is no indication that Congress intended that calls be excepted from telephone solicitation restrictions unless the residential subscriber has (a) clearly stated that the telemarketer may call, and (b) clearly expressed an understanding that the telemarketer's subsequent call will be made for the purpose of encouraging the purchase or rental of, or investment in, property, goods or services." *Rules and Regulations Implementing the Telephone Consumer Act of 1991,* CC Docket No. 92-90, Memorandum Opinion and Order, 10 FCC Rcd 12391, 12396, para. 11 (1995) (*1995 TCPA Order on Recon).*

17. In its 2003 Order, the FCC rejected proposals to create a good faith exception for inadvertent autodialed or prerecorded calls to wireless numbers and proposals to create implied consent when a consumer provided a cell-phone number to a business; specifically, the FCC "reject[ed] proposals…to create implied consent for autodialed calls or messages to cell phones, **even where "the [cellular] subscriber provides his wireless number as a contact number to a business**." 2003 TCPA Order, at 14117 (¶ 172) (emphasis added).

18. Even if a business relationship exits, previously provided contact information such as the provision of a cellular telephone number on an invoice, does not constitute prior express consent under the TCPA. *See generally, Agne v. Papa John's Intern., Inc.,* 2012 WL 5473719 (W.D. Wash. Nov. 9, 2012); *In re Jiffy Lube Intern., Inc., Text Spam Litigation,* S.D. Cal. Case No. 11-md-2261-JM-JMA; 2003 TCPA Order.

19. The 2003 TCPA Order also specifically states that the TCPA's prohibition on autodialed calls "encompasses both voice calls and text calls to wireless numbers including, for example short message service (SMS) calls…" 2003 TCPA Order, at 14114 (¶ 165).

20. In a report and Order approved on February 15, 2012 ("2012 FCC Order"), the FCC adopted additional protections for consumers concerning unwanted autodialed calls. Beginning October 16, 2013 prior express written consent is required for all autodialed and/or pre-recorded calls/texts sent to cell phones. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278 (Feb. 15, 2012).

21. Even if a sender had prior express consent to send automatically dialed text messages prior to October 16, 2013, that prior express consent does not satisfy the new rule unless consent is unambiguous and is in writing. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278 (Feb. 15, 2012).

22. Furthermore, the 2012 FCC Order removed the "established business relationship" exception; therefore, prior express written consent is required for all autodialed and/or pre-recorded calls/texts sent to cell phones even if the consumer had a previous business relationship with the caller.

23. To the extent that any third party, acting on behalf of the defendant, actually placed or assisted in the placement of the calls at issue, defendant is vicariously liable for the acts of that third party entity. *See generally*, *Smith v. State Farm Mut. Auto. Ins. Co*., 2013 WL 5346430 (N.D. Ill. Sept. 23, 2013); *see also, In Re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 F.C.C.R. 12391, 12407-08 (1995).

24. On July 24, 2015, the Florida Bar adopted the Ethics Committee's recommendation on advertising, and held that text message solicitations must not only comply with all of the Bar

rules, but that the first line of the text must proclaim the communication is advertising, and if the recipient is targeted, it must contain the disclaimer that if the recipient already has an attorney he or she should ignore the text, and will disclose how the law firm got the recipient's name.[1]

25. Furthermore, the Florida Bar stated that the firm sending the text message must keep a record of the texts' content and who received them, and must make sure that the firm pays for the text message and not the recipient.

26. Critically, the TCPA creates a private right of action for affected consumers, and allows them to recover the greater of their actual monetary loss or up to $1,500 per call for each willful violation. 47 U.S.C. § 227(b). It also allows the District court to increase the award up to treble statutory damages if it finds the defendant's violation was willful or knowing. *Id*. *See also Mims,* 132 S. Ct. at 746.

## FACTUAL ALLEGATIONS

27. Plaintiff is a former client of Alex Hanna and the Law Offices of Alex Hanna, P.A.

28. Upon information and belief, on or about August 12, 2016, Plaintiff received the following unsolicited text message.

---

[1] "Florida Bar Finds Texting Is Not Prohibited Solicitation,"
http://www.floridabar.org/DIVCOM/JN/jnnews01.nsf/8c9f13012b96736985256aa900624829/e060eb44c677d6e085257e9d00424f90!OpenDocument (Last Accessed: October 13, 2016).





29.     The text message received by Plaintiff originated from short code 42662. The aforesaid short code is registered under the "Alex A Hanna Alerts" Campaign, to an entity identified as Pioneer Cellular. Defendants use the services of Pioneer Cellular to facilitate the distribution of its text messages. Notably, Defendants utilize the text message short code 42662 to send "promotional alerts."[2]

---

[2] http://www.alexhanna.com/Case-Alert-Service-Terms-and-Conditions.shtml (Last Accessed: October 13, 2016).

30. Upon information and belief, Pioneer Cellular works in conjunction with a text message marking company, Protexting LLC, to send massive text messaging campaigns through their "proprietary SMS platform [that] can handle any type of traffic."[3]

31. The impersonal, anonymous nature of the text messages sent by Alex Hanna and The Law Offices of Alex Hanna, P.A. demonstrate that they were sent using a type of automatic telephone dialing system within the meaning of 47 U.S.C. § 227(a)(1).

32. Moreover, the automated sending of short code SMS message is an integral feature of the text message blasting software believed to be employed by Alex Hanna and The Law Offices of Alex Hanna, P.A.

33. At no time did Plaintiff agree, in writing, to receive such solicitation texts to his cellular telephone.

34. Plaintiff is the registered subscriber, with exclusive dominion and control, of the cellular telephone number to which the violative text messages alleged herein were placed.

35. Defendants' violations of the TCPA were knowing and willful. Defendants intentionally sent solicitation text messages to all former clients in an effort to drum up business, without first obtaining the requisite consent to do so.

## CLASS ALLEGATIONS

36. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

37. Plaintiff brings this action on behalf of a class of similarly situated individuals consisting of:

> ALEX HANNA TEXT MESSAGE CLASS: (i) all former clients of Defendants (ii) with dominion and control over their cellular telephone (iii) who, within four (4) years prior to the filing of the Complaint in this action, were sent text messages (iv) from

---

[3] https://www.protexting.com/coverage.php (Last Accessed: October 13, 2016).

8

> Defendants or any person acting on behalf of Defendants (v) to their cellular telephone (vi) without first having given Defendants their prior written express consent to receive such text messages.

38. **Numerosity:** Plaintiff alleges on information and belief, based upon Plaintiff's and Plaintiff's counsel's reasonable investigation, that, because Defendants have handled thousands of cases, the class is so numerous that joinder of all members of the class is impractical. On information and belief, Defendants have made telephone calls to thousands of consumers throughout Florida who fall into the definitions of the proposed classes. Members of the Class can be identified through Defendants' records.

39. **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the members of the Class sustained damages arising out of Defendants uniform wrongful conduct and unsolicited telephone calls.

40. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff.

41. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the follow:

> a. whether Defendants' conduct violated the TCPA;
>
> b. whether Defendants systematically made phone calls to persons who did not previously provide Defendants with their prior express consent to receive such calls;

      c.      whether class members are entitled to treble damages based on the willfulness of Defendants' conduct.

42. **Superiority:** This case is also appropriate for class certification because class proceedings are superior to all other available methods of fair and efficient adjudication of this controversy because of joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expensive of individual prospection of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

**COUNT I**
**Violations of the TCPA 47 U.S.C. § 227 (b)(1)(A)(iii)**

43. Plaintiff realleges and incorporates the foregoing allegations as fully set forth herein.

44. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a cellular telephone service…" 47 U.S.C. § 227(b)(1)(A)(iii).

45. Defendants made commercial solicitation text calls to Plaintiff's and the class members' cellular telephones, using an automatic telephone dialing system.

46. The calls were made without the Plaintiff's and the class members' prior written express consent, and were not made for any emergency purpose.

47. Defendants' violation of the TCPA resulted in an invasion of Plaintiff's privacy and right to enjoy the full utility of his cellular device.

48. Defendants are directly and/or vicariously liable for the violations above.

49. As such, Defendants' calls were willful or, at a minimum, negligent. *See* 47 U.S.C. § 227. Defendants have, therefore, violated Section 227(B)(1)(A) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to the cell phone of the Plaintiff.

50. Should the Court determine that Defendants' misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and other members of the Alex Hanna Text Message Class.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JOHN SALCEDO, individually and on behalf of the Class, prays for the following relief.

a. An order certifying the Class as defined above, appointing Plaintiff JOHN SALCEDO as the representative of the Class, and appointing Scott D. Owens and Seth M. Lehrman as Class Counsel;

b. Statutory damages of $500 per call for each call placed in violation of the TCPA;

c. Additional damages of up to $1,500 per call for each call held to be placed willfully or knowingly;

d. An injunction requiring Defendants to cease all unsolicited calling activities in violation of the TCPA, and otherwise protecting the interests of the Class;

e. Reasonable attorneys' fees and costs; and

f. Such other and further relief that the Court deems reasonable and just.

Dated: October 20, 2016                    Respectfully submitted,

*/s/ Seth M. Lehrman*
Seth M. Lehrman (Fla. Bar No. 132896)
Email: seth@pathtojustice.com
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
Telephone: (954) 524-2820
Facsimile: (954) 524-2822

Scott D. Owens (Fla. Bar No. 0597651)
Email: scott@scottdowens.com
SCOTT D. OWENS, P.A.
3800 S. Ocean Dr., Suite 235
Hollywood, FL 33091
Telephone: (954) 589-0588
Facsimile: (954) 337-0666

*Attorney for Plaintiff*