UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 16-cv-62480-GAYLES

JOHN SALCEDO,

    Plaintiff,

v.

ALEX HANNA and THE LAW
OFFICES OF ALEX HANNA, P.A.,

    Defendants.

_____/

# ORDER

**THIS CAUSE** comes before the Court upon Defendants' Motion for Reconsideration of Endorsed Order Denying Defendants' Motion to Dismiss Amended Complaint and to Strike or, in the Alternative, for Certification of Interlocutory Appeal [ECF No. 38]. The Court has reviewed the Motion and the record and is otherwise fully advised. Based thereon, the Motion is GRANTED in part.

The Court finds that an interlocutory appeal is appropriate in light of the Supreme Court's ruling in *Spokeo, Inc. v. Robbins,* 136 S. Ct. 1540, 1549 (2016), the Eleventh Circuit's ruling in *Nicklaw v. Citimortgage*, 839 F.3d 998 (11th Cir. 2016), and the concurring opinions of Judges Pryor and Marcus in the Eleventh Circuit's denial of a rehearing *en banc* of *Nicklaw*. *See Nicklaw v. Citimortgage,* 855 F.3d 1265, 1266 (11th Cir. 2017) (noting that, in the context of violation of a New York state property statute, a "bare allegation of a statutory violation that has since been remedied is not sufficient to satisfy the requirement of concreteness in Article III). In *Palm Beach Golf Center-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245 (11th Cir. 2015), the Eleventh Circuit held

that the unsolicited receipt of a one-page fax advertisement was a cognizable, particularized, and personal injury under the Telephone Consumer Protection Act ("TCPA") sufficient to confer Article III standing. *Id.* at 1253. However, the Eleventh Circuit decided *Palm Beach Golf*, before the Supreme Court's ruling in *Spokeo* and the Eleventh Circuit's rulings in *Nicklaw.* While *Palm Beach Golf* is binding on this Court, the Court questions whether receipt of the one text message at issue here is sufficient to constitute a concrete injury-in-fact such that Plaintiff has Article III standing under *Spokeo* and *Nicklaw.*

In limited circumstances, the Court may certify an order for interlocutory appeal pursuant to 28 U.S.C. § 1292 (b). That statute provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C.A. § 1292 (b). The Court finds that the issue of standing in this case involves an unsettled and controlling question of law. Resolving this issue will materially advance the termination of this litigation and potentially eliminate the need for protracted and expensive litigation over one text message. Based thereon it is

**ORDERED AND ADJUDGED** that Defendants' Motion for Reconsideration of Endorsed Order Denying Defendants' Motion to Dismiss Amended Complaint and to Strike or, in the Alternative, for Certification of Interlocutory Appeal [ECF No. 38] is GRANTED in PART. It is further

**ORDERED AND ADJUDGED** that the Court's April 28, 2017 Endorsed Order Denying Defendants' Motion to Dismiss and to Strike [ECF No. 37] shall be amended under separate order to include a certification that an immediate appeal is necessary. It is further

**ORDERED AND ADJUDGED** that this matter is STAYED pending appeal and CLOSED for administrative purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of June, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE